UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**APRIL ANGELA MYERS,**

    **Plaintiff,**

**v.**                                                                                  **Case No: 5:23-cv-360-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## ORDER

This matter is before the undersigned on Defendant's unopposed motion for entry of judgment with remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action. (Doc. 10). Defendant states that Plaintiff has no objection to the Motion to Remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522

n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is respectfully ORDERED that:

(1) Defendant's unopposed motion for entry of judgment with remand (Doc. 10) is GRANTED.

(2) This action is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> For the Commissioner to obtain supplemental vocational evidence, addressing and resolving inconsistencies between the limitations assessed in the residual functional capacity and the requirements to perform the jobs found available to the claimant in the national economy as outlined in the Dictionary of Occupational Titles; update the administrative record; offer the claimant the opportunity for a hearing; and issue a new decision.

(3) The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on August 25, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties