UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

APRIL MYERS,

    Plaintiff,

v.                                                    Case No: 5:23-cv-360-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This matter is before the Court on the unopposed motion of Plaintiff's counsel, Richard Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $4,000. (Doc. 18). In support of the motion, counsel has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 18-1).

Previously, this Court remanded the case to the Social Security Administration for further proceedings. The Court entered an order awarding attorney's fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA") in the sum of $657.66. (Doc. 17). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $83,180.00. (Doc. 18-2). Counsel recites that the attorney fee now due under the fee agreement payable from Plaintiff's past-due Social Security Disability benefits is calculated as follows:

> The attorney fee due under the fee agreement between Petitioner and Plaintiff payable from Plaintiff's past-due Social Security Disability benefits is $20,137.34 [25% of the past-due benefits,

>      $20,795.00 (Appendix 2, page 4), minus the EAJA fees awarded,
>      $657.66 (Doc. 17) equals $20,137.34

(Doc. 18 at 2). Petitioner's calculations are supported by the exhibits to the motion. Petitioner further recites that "Petitioner has spoken with Plaintiff and they have mutually agreed that reduction of the fee requested to $4,000.00 in this case would be reasonable under all the circumstances." (Doc. 18 at 2).

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1). As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. "A contingent-fee agreement is not per se reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005). As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2)

whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. The Court notes that this case involved lengthy administrative proceedings and remand. In this regard, counsel has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 18-1). The Court is satisfied that the requested fee award is reasonable in comparison to the amount of time and effort Plaintiff's counsel expended on this case at various levels and given the risks in contingent litigation.

Accordingly, for these reasons, Counsel's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 18) is due to be **GRANTED**. Section 406(b) fees are approved in the sum of **$4,000**.

**DONE** and **ORDERED** in Ocala, Florida on June 12, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties